ADAM N. SCHUSTER ET AL., APPELLANTS, V. GEORGE C. SHERMAN ET AL., APPELLEES, IMPLEADED WITH ENGLEHART, WINNING & COMPANY, APPELLANTS.

FILED OCTOBER 17, 1893. No. 3735.

Mortgages: FORECLOSURE: CONSIDERATION: EVIDENCE. Where certain mortgages given by a married woman to secure firm debts of the firm of which her husband was a member were introduced in evidence, a recital in the mortgages of the amount of consideration for which each was given, "in hand paid," is not overcome by proof that the mortgaged property was her separate estate, and that the debt was that of a firm of which her husband was a partner.

. APPEAL from the district court of Dawson county. Heard below before HAMER, J.

The facts are stated in the opinion.

*Hoagland & Risse* and *E. A. Cook*, for appellants:

The law gives a married woman the right to bargain, sell, and convey her property. It enlarges her rights by saying that she may enter into any contract with reference to her property in the same manner and with like effect as a married man may in relation to his property. (*Davis v. First National Bank of Cheyenne*, 5 Neb., 242; *Hale v. Christy*, 8 Id., 268; *Stevenson v. Craig*, 12 Id., 466; *Nelson v. Bevins*, 19 Id., 718.) The consideration for the mortgages was sufficient. (Jones, Mortgages, sec. 610; *Haden v. Buddensick*, 4 Hun [N. Y.], 649; *Jackson v. Jackson*, 7 Ala., 791; *Sharpe v. McPike*, 62 Mo., 304; *Carr v. Hays*, 25 Cen. L. J. [Ind.], 32; *Herbst v. Lowe*, 65 Wis., 316; *Bickford v. Gibbs*, 8 Cush. [Mass.], 154; *Veazie v. Willis*, 6 Gray [Id.], 90.)

*C. W. McNamar*, contra.

MAXWELL, CH. J.

This is an action in equity brought by Schuster, Hingston & Co. to foreclose a mortgage on the S. E. ¼ of N. W. ¼, and lots 3, 4, and 5 of section 6, in township 11 north, range 25 west, in Dawson county, which mortgage was executed and delivered to plaintiffs by defendants Anna E. B. Sherman and George C. Sherman, husband and wife, on December 21, 1886, to secure a promissory note of even date with said mortgage. The note was executed by the said George C. Sherman in the name of Bystrom & Co., he being a member of the firm, for $439.65, payable in six months after date, with ten per cent interest per annum thereon from date. The defendants Englehart, Winning

& Co. answered, setting forth a mortgage on the same real
estate executed and delivered on December 21, 1886, by
Anna E. B. Sherman and George C. Sherman to secure a
promissory note of even date with said mortgage, which
note was executed by said George C. Sherman in the name
of Bystrom & Co. to said Englehart, Winning & Co. for
$139.25, payable six months after date, with ten per cent
interest thereon from date.   The defendant George V.
Courtright answered, setting up his note and mortgage
on the same real estate for $600, executed and delivered to
him by Anna E. B. Stinson August 1, 1886, and payable
August 1, 1891, with seven per cent interest from date
thereof.   The defendant the Nebraska Farm Loan Mort-
gage Company answered, setting up its note and mortgage
on the same property executed and delivered to it by said
Anna E. B. Stinson August 1, 1886, for $90, with ten per
cent interest thereon from date.   The defendant George A.
Hoagland answered, setting up a mechanic's lien for mate-
rial furnished October 11, 1886, in the erection of improve-
ments on said real estate in the sum of $364.81, with inter-
est thereon at seven per cent from November 20, 1886.
The defendant Anna E. B. Sherman (*nee* Stinson) an-
swered the petition and seeks to avoid liability on the
mortgages of plaintiff and Englehart, Winning & Co. by
pleading that she was a married woman ; that the property
described in the pleadings was and is her sole and separate
property ; that said mortgages were given to secure the
note of Bystrom & Co., a partnership; and that she re-
ceived no consideration for the mortgages.   She denies the
claim of said George A. Hoagland and pleads usury on the
part of the Nebraska Farm Loan Mortgage Company's
mortgage and note.   The defendant Sherman made no
answer.  The plaintiffs and Englehart, Winning & Co. each
filed a general denial to the answers of Anna E. B. Sher-
man, George A. Hoagland, George V. Courtright, and the
Nebraska Farm Loan Mortgage Company.   The case was

referred to A. S. Baldwin to take testimony and report his findings of facts and conclusions of law. The referee took the testimony and made findings as follows:

"1. That the mortgage sought to be foreclosed by the plaintiffs herein, executed by defendants Anna E. B. Sherman and Geo. C. Sherman to plaintiffs, was executed to them in their partnership name, and no reformation thereof is sought by the plaintiffs.

"2. That the defendant Anna E. B. Sherman is the owner, and was the owner at the date and execution of said mortgage, in fee-simple of the real estate described therein, and that the same is and was her sole and separate property and estate; that she was, at the date of the execution of said mortgage, a married woman, the wife of the defendant Geo. C. Sherman; and that she received no benefit or consideration for executing the same.

"3. That the mortgage on said premises set up in the answer of defendants Englehart, Winning & Co., and executed by defendants Anna E. B. Sherman and George C. Sherman, was executed to said defendants Englehart, Winning & Co. in their partnership name, and no reformation thereof is sought by said defendants Englehart, Winning & Co.

"4. That the defendant Anna E. B. Sherman was, at the time of the execution of said mortgage, a married woman, the wife of defendant George C. Sherman; that she was, at the time, the sole owner of the real estate therein described as her separate and undivided property; and that she received no benefit or consideration for executing the same.

"5. That the note secured by the mortgages of plaintiff and defendants Englehart, Winning & Co. were the notes of a partnership firm, Bystrom & Co., and that defendant George C. Sherman was a member of said firm.

"6. That the note and mortgage set up by defendant George V. Courtright, and executed by defendant Anna

E. B. Sherman before her marriage, as Anna E. B. Stinson, is prior in point of time to all other liens on said premises, and is the first lien thereon, and that there is due thereon from defendant Anna E. B. Sherman to defendant George V. Courtright, February 4, 1889, the sum of $684.45, and that the said George V. Courtright is entitled to have said mortgage foreclosed as prayed for in his said cross-petition and answer.

"7. That the note and mortgage set up in the defendant Nebraska Farm Loan Mortgage Company's answer and cross-petition was executed by the defendant Anna E. B. Sherman before her marriage, as Anna E. B. Stinson, and that the same is the second lien on said premises; that said mortgage was given to secure three per cent per annum for five years on the amount loaned by defendant Courtright to said defendant Anna E. B. Sherman and is a part of the transaction; that the debt was to draw ten per cent per annum for five years; that by reason of the foreclosure of the Courtright mortgage before the expiration of the term of five years the said defendant Nebraska Farm Loan Mortgage Company is onl entitled to secure the sum of $18 per annum from the date of said mortgage August 1, 1886, to-wit, the sum of $45.20.

"8. That the mechanic's lien set up in the answer and cross-petition of the defendant George A. Hoagland under the name of the Gothenburg Lumber Company is a valid lien on said premises and that the amount due thereon February 4, 1889, is $408.42, and that the same constitutes the third lien on said premises.

"9. That defendant Andrew P. Anderson was duly served with summons in this action and has not answered thereto, and that said defendant has no interest in said premises.

"10. That defendants A. Bystrom, L. E. Brunsburg, and G. L. Lindstedt were not served with summons nor by publication and are not in court.

"CONCLUSIONS OF LAW.

"1. That George V. Courtright is entitled to have the mortgage set up in his said answer and cross-petition foreclosed, and the premises therein described sold; and that the proceeds of said sale be distributed as follows:

"1st. To pay the costs of this action, taxed at $———.

"2d. To defendant George V. Courtright the sum of $684.45.

"3d. To defendant Nebraska Farm Loan Mortgage Company the sum of $45.20.

"4th. To defendant George A. Hoagland the sum of $408.42.

"2. That the plaintiffs Schuster, Hingston & Co. and the defendants Englehart, Winning & Co. are not entitled to any portion of the proceeds of said sale.

"All of which is respectfully submitted.

"Dated February 4th, 1889.    A. S. BALDWIN,
                                                        "Referee."

Exceptions were filed to the report, which were overruled and judgment entered on the report, from which the plaintiffs appeal.

The mortgage to the plaintiffs is as follows:

"Know all men by these presents, that we, Anna E. B. Sherman and George C. Sherman, her husband, of Dawson county, state of Nebraska, in the consideration of the sum of $439.65, in hand paid, do hereby sell and convey unto Schuster, Hingston & Co., of St. Joseph and state of Missouri, the following described premises, situated in Dawson county and state of Nebraska, to-wit: The S. E. ¼ of the N. W. ¼ and lots 3, 4, and 5 of section 6, in township 11 N., range 25 W. of the 6th principal meridian, the intention being to convey hereby an absolute title in fee-simple, including all the rights of homestead; to have and to hold the premises above described, with all the appurtenances thereunto belonging, unto the said Schuster, Hingston & Co., and to their heirs and assigns, forever;

provided always, and these presents are upon the express condition that if the said Anna E. B. Sherman and George C. Sherman, or Bystrom & Co., their heirs, executors, or administrators, shall pay, or cause to be paid, to the said Schuster, Hignston & Co., their heirs, executors, administrators, or assigns, the sum of $439.65 six months after this date, with the interest thereon from April 4, 1887, according to the tenor and effect of the one promissory note of said Bystrom & Co. bearing even date with these presents, then these presents to be void, otherwise to be and remain in full force.

"Signed the 21st day of December, A. D. 1886.

"ANNA E. B. SHERMAN.

"In presence of          GEORGE C. SHERMAN.

"J. S. HOAGLAND.

"THE STATE OF NEBRASKA, ⎱ ss.
    DAWSON COUNTY.         ⎰

"On this 21st day of December, A. D. 1886, before me, Vollrad Karlson, a notary public in and for said county, personally came Anna E. B. Sherman and George C. Sherman, personally to me known to be the identical persons whose names they affixed to the above deed as grantors, and acknowledged the same to be their voluntary act and deed.

"Witness my hand and notarial seal.

"[SEAL.]          VOLLRAD KARLSON,
                            " Notary Public."

The mortgage to Englehart, Winning & Co. is similar in form. In both of these mortgages there is an acknowledgment of the consideration "in hand paid." The only proof we find to contradict the receipt is the testimony of Sinclair, which is as follows:

Q. State if you know who comprised the firm of Bystrom & Co., doing business at Gothenburg in this county on or before the making of this note.

A. I do. A. Bystrom and George C. Sherman.

Q. Do you know where A. Bystrom was on or about December 21, 1886?

A. He had left the county and was reputed to have gone to Sweden.

Q. Where did Sherman reside on or about that time?

A. In Gothenburg, Nebraska.

It is very evident that this testimony fails to sustain the allegations of the answer and wholly fails to show a want of consideration for the mortgages in question. The findings, therefore, are against the clear weight of evidence, and the exceptions should have been sustained. The judgment of the district court is reversed, and a decree will be entered in this court for the amount due the plaintiff and Englehart, Winning & Co.

DECREE ACCORDINGLY.

THE other judges concur.